Thank you. We'll call 19-5092 Bickford v. Hensley. Mr. Mortensen, you may proceed. Thank you, Your Honor. May it please the Court, my name again is Thomas Mortensen. I represent the appellant, Emmett Bickford. He was the plaintiff in the District Court. The issue to be resolved on appeal is whether the District Court erred when it granted Defendant's Motion for Assembly Judgment based on qualified immunity specifically, whether the law was clearly established. And the law in this instance that the District Court ruled was not clearly established was whether or not, and I'm citing from the opinion of the District Court, although it is settled that an officer may not knowingly or with reckless disregard for the truth include false statements. In the absence of clear guidance from the Tenth Circuit, a reasonable officer in Defendant Hensley's position may have believed both that this rule extended to any crime for which the appropriately included allegations supported probable cause. And these are allegations in the Affidavit for Arrest Warrant at issue. As the Court will notice in summary judgment briefing, the plaintiff appellant spent a considerable amount of time going over every single specific allegation included in that affidavit and got an admission, got deposition testimony to show the District Court that every single allegation in the Affidavit for Arrest Warrant did not pertain to the appellant, Emmett Bickford. It pertained to some theory that they espoused about conspiracy and how the plaintiff appellant would be included in every single allegation if anybody else in this conspiracy committed one of these acts. The defendants admitted in their deposition testimony that none of the allegations in the affidavit were about actually the plaintiff appellant. And so to rule as it did, it greatly conflicts with the evidence to surmise that there was probable cause to believe that the plaintiff had committed some other offense that was, and I'll quote, amongst the appropriately included allegations in the affidavit. Now, I don't think that there's any dispute that the defendants in this case, the appellees, admitted through quite extensive deposition testimony that was proffered to the District Court that none of the allegations existed as it pertains to the appellant plaintiff. And the only actual allegation that they now are claiming, even though they didn't rely on this in their summer judgment, was this very vague, very generalized Facebook message between two other individuals that occurred over a year prior to the issuance of the warrant. And that is what the District Court based its opinion that there was probable cause to believe that the appellant had committed a violation and that was actually a part of the appropriately included allegations in the affidavit for arrest warrant. However, I believe that the District Court somewhat contradicted itself because it did also find, number one, that the appellant clearly showed that the defendants had committed, or the defendant, Hensley, in this instance, the deputy, not the sheriff, did actually commit a constitutional violation by violating the Fourth Amendment right, and that whenever you strip away the affidavit for arrest warrant, strip away all the false allegations that there was not probable cause to believe that he committed any of the offenses in that affidavit for arrest warrant. Which, as a matter of fact, the defendant, as you can see in my reply brief, admitted that this was a generalized arrest warrant for 40-some-odd individuals and that they were all exactly the same, all exactly the same. It constituted the exact same allegations for every single individual. The only thing that is changed in this generalized arrest warrant is the name of the individual. And that was admitted and shown to the District Court. So... I have no questions now. Judge Matheson? Yes. So, focusing on the affidavit, am I correct that the District Court determined that paragraphs 5 and 6 should be taken out because, in the Frank's analysis, because those were included with reckless disregard? So, the District Court assessed the affidavit or corrected affidavit with those two paragraphs removed. Is that correct? That's correct, Your Honor. All right. But paragraphs 7 and 8 remained. And why wouldn't those paragraphs support probable cause for arrest for some crime? In the summary judgment briefing, if those allegations were true, it would support probable cause for a crime. But as specifically shown in the briefing and the deposition testimony to the District Court, 7 and 8 were each parceled out. They were dissected and questions were asked of the defendant. Do you have any evidence that, for example, in paragraph 7, that he purchased marijuana, that he transported marijuana, that he distributed marijuana? Each single allegation was dissected. And every single time, the defendant said, I have no evidence that it was the plaintiff. And it was based... His belief that the plaintiff was tied into this conspiracy allegation was the sole basis for probable cause to believe he committed some offense. Okay. So, I understand your point. And so, my next question is then, is it your argument that this court should look at the affidavit not only with numbers 5 and 6 removed, but also 7 and 8? They have to come out too. Is that what you're saying? I believe so, Your Honor. Yes. And that's what I argued at the District Court as well as on appeal, that it should not have been included. And I, again, in appellate briefing, cite specifically to the evidence that they had no evidence of the allegations in 7 and 8. For example, could I just... I'd like to just pivot to a question about clearly established law. And why aren't we in a similar position as the Fifth Circuit was in the case, the Ares-Mendi case? That is, why isn't the law of the Tenth Circuit not clearly established that an officer can be held liable for false arrest due to a false statement in the arrest warrant affidavit when that officer had probable cause to arrest for another offense? Are you saying that the law in the Tenth Circuit is clearly established on that point? Judge, I believe it is. I believe it has been. I think that the analysis went outside the scope and found some... Well, what's your Supreme Court or Tenth Circuit case? And you were citing Ares-Mendi v. Gabbard, I believe, the Fifth Circuit? Yes. Yeah. Okay. But why aren't we in the same boat? Okay. Whether it's... When an individual... If an arrest warrant is, let's assume, completely invalid and you go to arrest an individual and the officer sees an offense, has probable cause to arrest that in the affidavit, I think that has long been the law of the land that there's no prohibition against arresting that individual for a warrantless arrest. And I don't think there's any disagreement with that particular issue framed in that way. But the way that the I think, number one, it contradicted the factual findings. Number two, it construed the evidence in a light most favorable to the defendant and really not based on the evidence. But... Well, let me just ask one other question, then I'll stop. But tell me if I'm understanding the argument properly. If I understand it, your position is that once you take these provisions out of the... These paragraphs out of the affidavit, 5, 6, 7, and 8, then there was no basis, no probable cause to arrest your client for any offense, whether it's based on the corrected affidavit or on the Facebook page. Is that what you're saying? Yes, sir. And if you analyze the Facebook message, for example, if you... Now, the district court, I guess, somewhat converted that into, well, the officer may have believed that this Facebook message supplied probable cause to 7 and 8, and somehow it kind of plugged that fact in there, even though it wasn't included in the affidavit. And let's go ahead and include that for argument's sake. That statement, I think, even tied into the other evidence, other allegations in the affidavit, would certainly not suffice under, I think, any arrest type scheme is you have two other an individual named Chad. They didn't even identify the plaintiff in this case. And there's certainly no indication that this happened in their jurisdiction. There's certainly no indication that there was any timing to this or this was a year prior. And I believe it was Now, hearsay can supply probable cause for an arrest warrant, certainly. Let me stop you a moment to give Judge Carson a chance to ask questions if he has any. Okay. Thank you, Judge Harts. I do. Counsel, here in New Mexico, at least, the law would be under New Mexico state law that if commits a misdemeanor outside of the officer's presence, you have to get a warrant to arrest them. Is that is that the law in Oklahoma? Yes. Okay. And in Judge Matheson was asking you about the Arizmendi case out of the Fifth Circuit. In the Arizmendi case, do you recall was the arrest there on account that could be a warrantless arrest? I remember the clearly established argument in that case. Yes. Okay. And I guess my question where I'm having trouble with the idea that the officer in this case is safe because he may have thought there was another crime. I can see that if he could have arrested someone without a warrant. But does it make a difference if the only thing you have probable cause for was an arrest for a crime that required a warrant? Yes. Now, in the Arizmendi case, my understanding was when the circuit court found it was not clearly established, it was because the other criminal offense that we're talking about was a lesser included false report claim. Those allegations were, in fact, included in the those allegations were included. What was not clearly established was whether or not citing the wrong offense, kind of like where the particularity requirement would, you know, inserting the wrong address might negate probable cause for a particular search, but citing the wrong statute, even though you got the right allegations. Okay. Counselor, your time is up. Please be as brief as possible. You may answer the question, but make a tight argument. Now, the Supreme Court has established, I believe it was Virginia versus Moore, this was cited in the Arizmendi case. Counselor, your time is up. Please don't Okay. Thank you. It just speaks about exactly what I was discussing, but if there are no other questions, I'll... Oh, let's see if there are any. Judge Matheson, do you have any further questions? No further questions. Judge Carson? No, I don't have any further. Okay. Thank you. Thank you, Counsel. I believe Mr. Carr... No, Mr. Wood is first. Is that correct? Yes, Your Honor. Your Honor, this is Randall Wood. I'm the attorney for the deputy, Brian Hensley. And let me say that I think this is a very interesting case. I think it's a very unique case. I certainly don't have cases quite like this one come up in my practice. I do want to share my time with Mr. Carr, so I'll try to give him equal amount of time. And I am watching my time. But I think we have here a situation where Deputy Hensley, his argument is a little broader than the argument I think I heard from Mr. Mortenson. Here we have a situation where Deputy Hensley was very focused on this idea that Mr. Bickford was part of a conspiracy. That's how he wrote the probable cause affidavit. And to counsel for or advocate for Mr. Hensley, he was, I think, commended and counseled in this way of drafting the affidavit by the local district attorney. But nonetheless, I think what's different about this case is we have a situation where we have an arrest warrant affidavit, but we also have a crime that Mr. Bickford says, well, all of the information that was known in the mind of Officer Hensley is true. So if he was charged with or arrested for a crime of possession of marijuana, well, he admits all of the facts that would support that, all of which were known to Deputy Hensley. For example, I took his deposition. He admits, yes, he was known by Chaz. That's who he is. He was the person that actually, yes, in fact, did take possession of the marijuana and consume it. So that part of the case, he doesn't dispute. But I think what's different and interesting about this case is that the court found, I think accurately and correctly, is that Officer Hensley did have probable cause to arrest Mr. Bickford for knowingly or intentionally possessing marijuana. So in Oklahoma, that's still a crime. It is misdemeanor. But we're focused on Mr. Bickford's claim that his rights under the Fourth Amendment were violated. So the Fourth Amendment simply says that you have to have probable cause to arrest for a crime. And I think the court accurately pinpointed that, you know, here, what are the issues? And now I do think that the court went through the affidavit and then concluded that the arrest warrant affidavit did not establish probable cause that the plaintiff committed the offenses. And then the court says listed in the affidavit. But I think the law is a little broader than that when we talk about the Fourth Amendment. And in particular, we look at the case of Devon Peck. And Devon Peck, you know, the Supreme Court was reviewing a argument similar to what Mr. Bickford is making here. There, the Court of Appeals held that the probable cause inquiry is confined to facts bearing on the offense actually invoked at the time of arrest, and that the offense supported by these known facts must be closely related to the offense that the officer invoked. So here we have a situation where the officer is invoking a conspiracy, that particular statute. But then the Supreme Court rejected that whole argument and said, well, the officer's subjective reason for making the arrest, here the conspiracy, need not be the criminal offense as to which the known facts provide probable cause. So I think that, first of all, when we address the first prong of the qualified immunity analysis, you know, was there a violation of the person's constitutional rights? I think we can say, wait a minute, here we have a person that admits and says that the facts known to the officer were sufficient to justify an arrest for a crime. So I would submit that the first prong of the qualified immunity analysis is not met in that there was, in fact, probable cause to arrest for a crime, and it does not have to be limited to the charges listed. Let's see. Judge Matheson, do you have any questions? Well, when you say there was probable cause to arrest for a crime, are you speaking about arrest for possession of marijuana? Correct. And are you relying on the Facebook message for probable cause? Yes, correct. And wasn't the Facebook message just a reference in a back and forth between Mr. Willard and Mr. Hendron? In other words, Mr. Bickford wasn't part of that exchange, correct? Correct. Yes. And did Detective Hensley do anything to verify the Facebook message before he arrested Mr. Bickford? I would say no, that this is part and parcel of him reviewing thousands of Facebook messages. So he knew that there was, you know, a lot of activity going on. He knew who Chaz was. He'd eventually hear say, but it does say on the face of it, Chaz was given a small dab and he smoked it. But you're talking about probable cause based on a conversation about a third party using marijuana. Why is that probable cause? It might be reasonable suspicion, but how does it get you to probable cause? If the information is believed by the officer, and I think he had no reason to... Well, it's an objective test. It isn't a matter of what he subjectively believed. It's what a reasonable officer would believe. Right. So I think an officer could look at that and say, okay, here we have a discussion amongst these members of the ring that they had given this information to Chaz, and he had consumed it. And the officer did not have any other information that would have discounted that. I think that's a factor. But I want to really focus the court on the case of Gould versus Town of Maker. And there the court was faced with, I think, the very issue that we're faced here, which is, can you go outside of the facts shown on the face of the warrant and look at other evidence known to the officer? And I think thereafter, the court reviewed the case law, and it was going to other circuits. It concluded that, yes, you could. In fact, the court concluded that even when the arrest warrant is invalid, probable cause is sufficient to justify the arrest. And cited another 10th Bock versus Southwest Airlines, it says a seizure generally requires either a warrant or probable cause. Well, Matt, that just gets you back to the Facebook message, doesn't it? Yes. Okay. One other thing about the arrest. I think Judge Carson alluded to this earlier. Could Detective Hensley have arrested Mr. Bickford for marijuana possession when it was committed outside of Detective Hensley's presence? As a misdemeanor under Oklahoma criminal law, no. My point on that issue, though, would be that when we are dealing with whether or not there was a constitutional violation, we simply look to the minimum requirements of the Fourth Amendment, which only requires reasonableness for the seizure, which is probable cause. I do want to defer my time. Counsel, this is Judge Hartz. Judge Carson, do you have any questions? I do. Thank you. So let's talk about your probable cause only gets you so far, doesn't it? Because, he could have had, in his facts, supporting probable cause, but still not made an arrest without a warrant, even on the main offenses that were included in his application for an arrest warrant. Isn't that right? Correct. Yes. So, at some point, don't you have to, and the facts that you're relying on for him to have probable cause to arrest Mr. Bickford for the misdemeanor, those are facts that were outside the application, right? They were, yes. The Facebook message. So, I mean, he had to, before he could properly effectuate an arrest, even though he may have known of facts that could give rise to probable cause, he had to go get a warrant first. Well, I think that if he had in his mind, or on an objective basis, if an officer had in mind the facts that this officer had, can he go and effect an arrest? And you might say, well, it's a misdemeanor. No, he can't. But my point here is, though, however, we are simply looking at the Fourth Amendment requirements. Could he go and say, I'm going to arrest you for some information that I had that is informing me that you violated the law? And could he do that under the Fourth Amendment? And I would contend that the case law outlined in Gold v. Town of Meeker and other cases points to, is there a violation of the Constitution under those circumstances? And they would say, no, there is not. Goad is unpublished, so that's not precedential, right? It is not published, but on the other hand, I don't think Goad was making new law. It was simply looking back at the body of law as it existed in 2016. So if Deputy Hensley were making that same survey of the law, he would see, I think, the same gray area or cases on both sides of the issue that the court was observing in Goad. I mean, Goad was basically an application of what some courts call the related offense doctrine, right? Well, I think it was a little more basic than that. In my mind, it was going to the core idea of, can you look at facts outside of the warrant that were in the mind of the officer? And the answer was, well, yes, you can. And then you can simply determine, make a determination whether or not there's probable cause. If so, there is no claim for false arrest. Okay. I don't have anything further, thanks. I'm going to, I'm showing I have about two and a half minutes left. I'm going to defer to Mr. Carr on that, any remaining issues. Thank you, Randall. Your Honor, this is Mike Carr. I represent the on this particular discussion with regard to probable cause. Obviously, my client was granted summary judgment based upon the granting of summary judgment on qualified immunity for the deputy. The district court didn't necessarily address the issue specific to my client, having already found qualified immunity for the deputy. The court's discussion on probable cause is informative on the first prong, but I would reiterate that as was discussed in the direct argument on the plaintiff or on the appellant issue here, I would urge that qualified immunity was appropriate here because if the law is not clearly established in the 10th circuit on this issue, certainly as framed by the district court, there's a great deal of law discussed in the briefs. Well, counsel, counsel, this is Judge Matheson. Wasn't the sheriff sued only in his official capacity? Yes, sir. Why does qualified immunity even apply to such a claim? Well, it wouldn't apply to that claim as it is to the sheriff. I think the court found that because the deputy had qualified immunity and therefore there was no violation there. It just found that there was no violation on behalf of the sheriff and his client. If the district court found that there was no constitutional violation, that's one thing, but the district court relied on lack of clearly established law. Yes, your honor, that's true. So why does that take the sheriff off the hook? I believe under the way, under the court's discussion of the issues that they felt that if there was a qualified immunity for the deputy, that there would be no underlying issue to hold the sheriff liable in his official capacity. Well, what if the court said there was a constitutional violation, but no clearly established law? Why would that resolve the issue? Well, with regard to whether there was a constitutional violation underneath, then I think the court would need to have further examined whether or not that it was due to any training or supervision or policy or custom of the sheriff. And the court didn't need to Any further questions? Judge Matheson? No. Judge Carson? No, I don't have any more. Very good. Is there any more time for appellant, Mr. Wyman? No, your honor, his time has expired. I think we're done then. Case is submitted. Counts are excused and court will be in recess until nine tomorrow morning.